**Application of Claud S. KNAPP for Writ of Habeas Corpus.**

**No. A–12961.**

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1961.

Claud S. Knapp, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

Petitioner filed herein his petition for a writ of habeas corpus to secure his release from the Oklahoma State Penitentiary. Petitioner did not have benefit of counsel in preparing same, there was no judgment and sentence attached thereto. It could hardly be classified as sufficient to be considered by this Court. However, the Court being thoroughly conscious of the handicap borne by inmates who are not versed in legal proceedings, will consider the pleading as a writ of habeas corpus.

The instrument filed by petitioner consists of the following language:

"Comes now the plaintiff in his own proper person and request this honor-

able Court to cut my time to time served and releas I the plaintiff from prison and deliver me to the county in witch I the plaintiff lives.

"The plaintiff request this honorable Court to do this on the grounds his constitutional rights was violated a number of times and that the plaintiff was misstreated was refused medical aid and was refused legal council. That the County Attorney, in and for the County of Okmulgee, in the state of Oklahoma, Did unlawfully purposefully and without any dew respect for the defendants Bill of rights in a manner not noticeable to the public did trick force and compel the defendant to plead guilty to the charge of 2nd degree burglary."

To this pleading the attorney general has filed a response stating that defendant is confined in the Oklahoma State Penitentiary by virtue of a valid judgment and sentence made and entered on the 5th day of March, 1960, in the Superior Court of Okmulgee County, Oklahoma, upon a plea of guilty to the charge of burglary in 2nd degree and was sentenced to serve two years in the Oklahoma State Penitentiary.

The attorney general attached to his response a photostatic copy of the judgment and sentence of the trial court. He contends that the petition for a writ of habeas corpus does not allege facts sufficient as a matter of law to entitle the petitioner to be released on a writ of habeas corpus.

The Court has carefully examined the records before us and concur in the attorney general's contention.

An examination of the judgment and sentence appears to be valid upon its face and recites therein that petitioner waived counsel and entered his plea of guilty as charged in the information.

 This Court held in the case of In re York, 283 P.2d 567 that:

"In a collateral attack by habeas corpus, upon a judgment of conviction regular on its face, the judgment will

not be vacated unless it is void as having been rendered without jurisdiction."

Such matters as stated in the petition could very easily have been raised on appeal, but the record before us does not indicate an appeal was taken from the judgment and sentence.

It appears that the trial judge had jurisdiction of the person, the subject matter and authority to pronounce the sentence. The writ is therefore denied.